**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Woods, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 07 C 3407 |
| -vs- | ) | |
| | ) | SENIOR U.S. DISTRICT JUDGE |
| Nedra Chandler, | ) | GEORGE W. LINDBERG |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Anthony Woods filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 against respondent, Nedra Chandler, Warden, Dixon Correctional Center, arguing that he is being held in violation of the United States Constitution. Petitioner raises four issues in his petition. Petitioner claims: (a) his postconviction counsel was ineffective for failing to argue that petitioner was mentally unfit at the time of the crime, (b) his direct appeal counsel was ineffective for failing to raise several issues on appeal, (c) his postconviction counsel was ineffective for failing to argue that his trial counsel was ineffective, and (d) his rights were violated by the Illinois Supreme Court's denial of his petition for leave to appeal in his postconviction case. For the reasons set forth below, petitioner's petition for writ of habeas corpus is denied.

Petitioner was convicted of arson in the Sixteenth Judicial Circuit Court, Kane County, Illinois. On direct appeal, petitioner's counsel argued only that his 20 year sentence was excessive. The Illinois Appellate Court affirmed. Petitioner's subsequent petition for leave to appeal to the Illinois Supreme Court was denied. Additionally,

petitioner filed two postconviction petitions as well as an amended postconviction petition claiming that, for various reasons, his trial counsel's assistance was ineffective. The trial court denied both postconviction petitions as well as the amended postconviction petition. Petitioner appealed arguing that his postconviction counsel provided ineffective assistance by failing to argue that his trial and appellate counsel provided ineffective assistance. The Illinois Appellate Court affirmed the trial court's denial of the postconviction petitions. The Illinois Appellate Court did not consider several of petitioner's arguments because the arguments consisted of "'mere contentions' unsupported by any argument or citation to legal authority." As to petitioner's remaining claims, the court held that postconviction counsel's assistance was not ineffective. Again, petitioner filed a petition for leave to appeal in the Illinois Supreme Court, which the court denied.

The first issue is whether petitioner's claims of ineffective assistance of postconviction counsel and a constitutional rights violation resulting from the Illinois Supreme Court's denial of his petition for leave to appeal are cognizable in a federal habeas corpus proceeding. First, section 2254 provides, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral postconviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I). Therefore, petitioner's ineffective assistance of postconviction counsel claim is not cognizable in a federal habeas action.

Second, with respect to the Illinois Supreme Court's denial of petitioner's petition for leave to appeal, under section 2254, a federal court is limited to determining whether

a conviction violates the Constitution, laws, or treaties of the United States when conducting habeas review. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). Due Process does not guarantee appellate review, even in criminal cases, as long as due process is provided in the initial forum. *U.S. v. Lopez*, 445 F.3d 90, 95 (2d 2006). Since the Illinois Supreme Court's denial of petitioner's petition for leave to appeal is a matter of judicial discretion, *see* Ill. S. Ct. Rule 315(a), petitioner's constitutional rights were not violated by that court's denial of leave to appeal. Thus, petitioner's claim that his rights were violated when the Illinois Supreme Court denied his petition for leave to appeal are not cognizable and therefore do not entitle him to federal habeas corpus review.

The second issue is whether petitioner's claim of ineffective assistance of appellate counsel should be accorded federal habeas review. Here, there are two relevant grounds precluding petitioner's habeas corpus claim: (1) procedural default and (2) independent and adequate state grounds.

First, a state prisoner is not entitled to federal habeas review if he or she has not exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is exhausted if the prisoner gives the state court "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-46. If the state prisoner does not exhaust a claim, it is procedurally defaulted and federal habeas review is unavailable, *Guest v. McCann,* 474 F.3d 926, 930 (7th Cir. 2007), absent a showing of cause and prejudice, *Dretke v. Haley,* 541 U.S. 386, 388 (2004). To establish cause and prejudice, the petitioner must show that there was some external factor that prevented him or her

from raising the claim and that he or she suffered actual prejudice from not having the claim heard by the court. *Murray v. Carrier,* 477 U.S. 478, 485-88 (1986).

Petitioner did not exhaust his state court remedies and his claim of ineffective appellate counsel assistance is therefore procedurally defaulted. Petitioner never raised the issue of ineffective assistance of appellate counsel in his postconviction petition. Because petitioner did not raise his claim of ineffective assistance of appellate counsel during state postconviction proceedings, he did not exhaust this claim. Nor did petitioner establish cause and prejudice, because petitioner did not cite any external impediments to raising his claim. Petitioner is not entitled to habeas review of this unexhausted claim

Second, "a federal court entertaining a petition for a writ of habeas corpus will not review a question of federal law if it determines that the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank,* 343 F.3d 901, 905 (7th Cir. 2003); citing *see Moore v. Bryant,* 295 F.3d 771, 774 (7th Cir. 2002). "The independent and adequate state ground doctrine bars 'federal habeas when a state court [has] declined to address a prisoner's federal claims because the prisoner [has] failed to meet a state procedural requirement'". *Id.;* citing *Moore,* 295 F.3d 771 (quoting *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991)). The Illinois Supreme Court's Rules state that failing to adequately brief a claim with legal authority and relevant facts results in a waiver, a state procedural bar, of the claim, *see* Ill. S. Ct. Rule 341(h)(7), and it is on this ground that the Illinois Appellate Court declined to review petitioner's claim of ineffective assistance of appellate counsel.

07 C 3407

On postconviction appeal, the Illinois Appellate Court refused to consider petitioner's claim regarding ineffective assistance of his counsel on direct appeal because petitioner failed to adequately brief his claim with citations to legal authority and operative facts. The Illinois Appellate Court's decision on this independent and adequate state ground prevents petitioner from raising his ineffective assistance of appellate counsel claim in pursuit of federal habeas relief. Thus, petitioner is also precluded from federal habeas review on the basis of ineffective assistance of appellate counsel.

**ORDERED**: Anthony Woods' petition for writ of habeas corpus is denied.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 16, 2007

5